In the Matter of DANIEL DE MARCO, Petitioner, against J. EDWARD CONWAY et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents.

Supreme Court, Special Term, Albany County, September 16, 1947.

*John T. DeGraff* for petitioner.

*Nathaniel L. Goldstein, Attorney-General (Wendell P. Brown and John C. Crary, Jr.,* of counsel), for respondents.

BERGAN, J. No issue of fact is presented. The case turns entirely on construction of a statute. The petitioner pleads he occupied the position of laboratory worker in service 2, grade 1b, as defined by the former provisions of section 40 of the Civil Service Law.

A statutory reallocation of the position from service 2, grade 1b, to grade G2, was effected by the automatic operation of chapter 360 of the Laws of 1947 (§ 6, subd. 1) which provides among other things that " every position " allocated prior to April 1, 1947, " is hereby allocated, effective April first, nineteen hundred forty-seven " to the " new salary grades " according to the schedule subjoined to that section. On April 1, 1947, accordingly, petitioner's position by the statute itself was placed in new grade G2. On April 14, 1947, there was an administrative reallocation of the position under the authority of the same statute by the Salary Standardization Board. (L. 1947, ch. 360, § 6, subd. 8.)

It was placed by the board in grade G3 instead of grade G2. By express terms of subdivision 8, this administrative reallocation became " effective as of April first, nineteen hundred forty-seven " and was retroactive. If there could be doubt otherwise that it was intended by statutory delegation of power to be retroactive, the expression " such retroactive reallocation " is used in the subdivision in related context. Therefore petitioner must be deemed to have been in grade G3 on April 1, 1947.

Upon the automatic statutory allocation of the position of petitioner in grade G2 on April 1, 1947, he was paid the rate of compensation corresponding in grade G2 with the number of years of service on which his salary in former service 2, grade 1b, was based, plus the annual increment to which he was entitled. (L. 1947, ch. 360, § 6, subd. 2.) This brought him to the fifth year rate of compensation in grade G2, the rate of $2,080 annually, which he has been paid. (Civil Service Law, § 40.)

Perhaps the simplest way of stating this controversy is to say that it involves the question whether petitioner's position having been allocated retroactively to April 1, 1947, by administrative action to grade G3, he is entitled to the fifth year "rate of compensation" under section 40, which is $2,180 annually.

The credit for years in the grade to which an allocation is made effective April 1, 1947, is to be found in subdivision 2 of section 6 of the Act of 1947. This subdivision fixes the compensation commencing April 1st for positions which on that date fell within the scope of the statutory allocations made by section 40 as then amended, and clearly allowed the increment for 1947 as though the new allocations had pre-existed the statute which created them. And if this is so as to employees in these new allocations made operative on April 1st by the statute itself, it ought to be true of all those positions later (between April 1st and October 1st) allocated within subdivision 8, as that subdivision says quite clearly.

An allocation having been made, effective, as subdivision 8 says, April 1, 1947, petitioner is entitled to the "rate of compensation" in grade G3 corresponding with the "number of years of service" on which his salary "was based" March 31, 1947, plus the annual increment due him April 1st as provided by subdivision 2.

Subdivision 2, in terms, applies to all employees "whose salaries" on March 31st were in the first to sixth year "rate of compensation" of a salary grade in section 40. The subdivision then directs that "every such employee" whose position is allocated to a salary grade in new section 40 is affected by the subdivision. This provision fits the petitioner's status and it does not create a distinction between primary statutory allocation and ultimate administrative allocation and I do not think a court is at liberty to stretch words out of plain meaning to find such a distinction.

It seems to me that the Legislature intended that an allocation to the new, simpler and more equitable salary grades provided by the 1947 statute carry with it the time credit in the new grade that the employee had in his grade on March 31st, and that the benefit of this goes to one who has undergone the process of both a statutory and an administrative reallocation effective together on April 1, 1947. The scheme of the statute and the purpose to be accomplished point in that direction. All the adjustments made before October 1st were tied in to April 1st, the general effective date of the change and it is apparent

a unitary treatment was intended for all positions affected by the changes made, or made operative, April 1st.

The provisions of subdivision 2 do not make the credit for years of service depend on the salary or the years that would be equivalent to a given salary in a grade, as it seems to be argued. It is the number of years the employee's rate of compensation in his grade indicated on March 31st that determines the number of years in the new grade.

He shall receive compensation in " such salary grade " (the new one) " as corresponds " (i.e., set up in the statute, section 40) with the " number of years " on which his salary was based on March 31st.

This means, I think, to affect equally the automatic and the administrative allocations, and if both are made, to affect both of them so that the years of credit in the grade ultimately fixed before October 1, 1947, is measured by the number of years indicated by salary in the old grade as the proper credit on March 31st.

Even if it may be admitted that the respondents are right in arguing the provisions of paragraph (c) of subdivision 5 of section 39 of the Civil Service Law are inconsistent with this construction, to the extent they are inconsistent they must yield to the force of a statute which not only is later in enactment, but which deals specifically with the effect in a particular year of a revision of allocations. It is not too clear, however, that this subdivision has any application whatever to the broad changes effected by the 1947 statute and the special adjustments required for this year to effectuate that statute.

The 1947 statute is construed as directing the carrying over into new administrative allocations as well as statutory ones the credit years of the salary grade as of the end of the last fiscal year.

It would take pretty clear language in the 1947 statute to lead to a construction that where there are statutory and administrative allocations both operative together and part of an interrelated system of change, the employee is not entitled to the time credit in the salary grade of the ultimate allocation coming within the period fixed by the statute. I find no such language and I think petitioner is entitled to the relief he seeks.

Petitioner's motion granted; respondents' motion denied. No costs. Submit final orders accordingly.